FILED
2010 Oct-29 PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALEXANDRIA R. ANDREWS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:09-CV-00330-KOB |
| ) | |
| **WASTE AWAY GROUP, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OPINION

This matter is before the court in this case asserting claims of employment discrimination and retaliation on "Defendant's Motion for Summary Judgment" (doc. 26); Plaintiff's "Motion to Strike" (doc. 35); and "Defendant's Motion to Strike" (doc. 38). These motions have been fully briefed. For the reasons stated below, the court finds that the motion for summary judgment is due to be GRANTED in part and DENIED in part; Plaintiff's motion to strike is due to be DENIED; and Defendant's motion to strike is due to be DENIED.

The two motions to strike are due to be denied because the evidence challenged in both declarations meets the requirements of the Federal Rules of Civil Procedure and the Federal Rules of Evidence and because they are *not* sham declarations that "merely contradict[], without explanation, previously given clear testimony." *See Van T. Junkins & Assoc. v. U.S. Inds.*, 736 F.2d 656, 657 (11th Cir. 1984).

The motion for summary judgment is due to be granted, with Plaintiff's agreement, as to claims of discrimination on the basis of Plaintiff's race; in her opposition brief, Andrews

acknowledges that she is no longer pursuing claims of *race* discrimination. However, the motion for summary judgment is due to be denied as to all other claims asserted in Counts I and II of the Complaint, because Plaintiff has presented sufficient evidence to raise genuine issues of material fact on those claims. When the evidence presented and inferences based on that evidence are viewed in the light most favorable to the Plaintiff, a jury could find that Defendant treated her differently from male comparators because of her sex; that a causal connection existed between Plaintiff's filing of a sex discrimination suit and her termination; and that Defendant's reason for terminating Plaintiff was a pretext for sex discrimination and retaliation against her for filing the sex discrimination suit.

    Dated this 29th day of October, 2010.

                                                    KARON OWEN BOWDRE
                                                  UNITED STATES DISTRICT JUDGE